PARKER, J.
The above-entitled cases come into this court on error, and are very much alike. They were all actions brought by the defendants in error respectively against Brady, in the court of common pleas of this county, to recover judgments upon alleged judgments theretofore obtained against him in the circuit court of Grant county, Indiana. The answer in each case is a general denial and a plea of mil tie! record.
Some evidence was submitted of what purported to be a record of the proceedings in that court, and in each case the plaintiffs below recovered judgment for the amount of the judgment that appears to have been obtained by them respectively in the circuit court of Grant county, Indiana, with interest to date.
The plaintiff in error urges various grounds for the reversal of these judgments. As my time is limited, I will go over them very rapidly, taking them from the plaintiff’s brief. It is said that:
“First: The petition in the Palmer case recites that Palmer, on the 19th of November, 1896, recovered a judgment in the Grant county circuit court of Indiana, on a cross-petition wherein John W. Cooper was plaintiff and Frank E. Brady and the plaintiff Palmer were defendants. There is no proof of this fact. The transcript does not show any suit pending wherein Palmer was a defendant or that he at any time filed a cross-petition in any action in the circuit court of Grant county, Indiana, against Frank E. Brady. The transcript of the record, at the top of the first page thereof, shows that *689 Palmer commenced a suit against Brady by filing his complaint and causing a summons to be issued. There is nothing to show that service was ever made on Brady, yet if Palmer made any recovery in that suit or in the Grant county circuit court of Indiana as shown by the transcript of the record m this case, it was on his complant as plaintiff, and not as a cross-petitioner, as alleged in the petition now before this court. We claim all of this shows a variance between the pleading and the proof, which, under the plea of nul tiel record, is fatal.”
It appears, as stated by counsel in his brief, that the action was entitled “ Palmer v. Brady”, and that the judgment was in fact recovered in favor of Palmer in the case of Cooper v. Brady. But the case of Cooper v. Brady was a case made up of many other cases consolidated, including this case of Palmer v. Brady and we think that the petition or complaint in the case of Palmer v. Brady, after the consolidation of these eases, amounted in fact and in substance to a cross-petition in the case of Cooper v. Brady — the consolidated- cases. There are some very technical rules in some jurisdictions, and were at common law, respecting the variance between the allegations and the proof, especially upon the plea of nul tiel record; but we do not think that these rules in their strictness apply or should apply under the civil code. See Revised Statutes, sections 5294 and 5295. We regard this variation, therefore, as immaterial: we think that the proof substantially sustains the allegations.
“Second: The petitions filed in the four cases at bar recite that the Grant county circuit court of Indiana ‘had acquired jurisdiction by personal service on the said Prank E. Brady.’ The transcript of the record of the Grant county circuit court of Indiana in evidence does not show that a summons was issued for Prank E. Brady in any of these cases on any cross-petition or in any other manner. The only summons that purports to have been issued was on the Palmer complaint, and no return of that was ever made. We insist that this is a fatal variance.”
Now, that statement of facts appears to be correct. But the petition also contains the averment that the parties appeared, and that these several judgments were entered- upon their agreement, which is a part of the record. This is disclosed by the record, and this allegation is made good by the proof, and therefore we think that the allegation as to personal servioe became immaterial and that it did no good and did no harm in the case. .
“Third: In the lower court the petitions were amended over the objection of the plaintiff in error, by interlineation, as follows: ‘By virtue of an agreement executed by the said Prank E.Brady to have judgment rendered against the said Prank E. Brady’, in the sum of, etc. The transcript of the record does not show such to be the case. The agreement set up in the transcript of the record, if any, was for a judgment against Prank E. Brady and George S. Calvert, not against Frank E. Brady alone, as alleged in the petition as amended. We insist that is a variance that is fatal on nul tiel record.”
Now, counsel is mistaken in saying that it is averred that this agreement was with Frank E Brady alone. Frank E. *690 Brady is the only one mentioned, it is true. It is averred that the agreement was with him and the judgment against him, btst it is not averred that the agreement was with him alone,or that the judgment was against him alone, and we think that the fact appearing that the agreement was with George S. Calvert also, and that the judgment went against George S. Calvert also, is immaterial.
“Fourth: The transcript of the record introduced in evidence shows that there were many more parties to the Indiana suit than alleged and set forth in the peFtion in these cases, making a variance between the pleadings and the evidence”.
That statement of fact is also true, and the same remark applies to it. Under our view of the matter, it is immaterial that there were other parties than those mentioned in the pe^ ion.
“Fifth: The transcript of the record taken in connection with the clerk’s answer to the fourth question in his deposition, shows clearly that the complete and final records in these ases have not been made. No pleadings are found in the transcript — simply ‘h. i.’, meaning ‘here insert.’ ”
And that is true. It runs all through the ' record. A great deal is omitted, the pleadings are omitted; but we think sufficient appears,, since the agreement to enter the judgment appears, and tha.t the judgment was entered in accordance with he agreement also appears.
“Sixth: The transcript of the record shows that there has been a mixture of suits and the clerk’s certificate shows that he certifies that the transcript is of the case of John W. Cooper v. .William H. Brady, whereas these suits are against Frank 33. Brady. ’ ’
Now that also is true, and we aré not able to understand j recisely how it happens that what is apparently the same has different titles; but the 'case is identified both in the transcript submitted and in each of the journal entries making a part of the transcript, and in the certificate of the clerk as case No. 8151 in the circuit court of Grant county. We presume it has een given different titles because it is a consolidated case and that instead of giving in each instance all the titles of all the oases, it has been given only the title of one of these cases mentioned in the journal entry. But there is sufficient we t hink to identify this record as the record pleaded in the peti • ion and as the same as that certified to by the clerk.
“Seventh: That there is no proof that the Union Supply Company and the National Supply Company are corporations, either foreign or domestic, and if foreign, as alleged in the petition, there is no proof that they have complied with the laws of Ohio.”
I am sorry that I have not a little more time at my disposal to discuss this question, which is somewhat interesting; but I can only give briefly our conclusions. This applies to two of the cases only; one, the Union Supply Company — an Ohio corporation as alleged in the petition; the other the National Supply Company, a foreign corporation — a Virginia corporation, as aileged in the petition in that case.
Now we are of the opinion that it is not necessary to the statement of the plaintiff’s cause of action or to bring the plaintiff into court to have these matters adjudicated, that it *691 should aver,in issuable form, .that it is a corporation, whether a domestic corporation or a foreign corporation. We think it is sufficient if it is recited; that it is a matter of description of the person, and that a general denial, such as we find here, only goes to the matters constituting the cause of action of the plaintiff. If it is desired to take advantage of a want of capacity to sue, in the plaintiff, whether a corporation or a natural person, that must be done by a special plea in the nature of a plea in abatement. T cannot stop to discuss the different authorities along this, line,but there are some,and we think they support our views, though none of them are quite as clear and distinct upon the point as could be wished.
We cite: 5 Ohio, 283; 8 Cir. Court Rep., 311; 11 Cir. Court Rep., 153; 12 Ohio, 132; 26 Ohio, 562.
As to the failure to show on behalf of this foreign corpora tion that it had complied with the laws of Ohio which provide certain things to be done by foreign corporations in order that they may lawfully do business in Ohio and prosecute action® here. I call attention to the case in 11 Cir. Ct. Rep., 153,. cited above, which was decided by this court. I can only read! a paragraph or two from the syllabi:
“To take advantage of the Ohio law of 1894,as a defense in a suit instituted by a foreign corporation, the averments of the-answer must bring such foreign corporation plainly, fully and! squarely within the provisions of it, and show that snob foreign corporation does not belong to the class of foreign corporations.exempted by the law from its provisions. '
' “This law can only ajpply to such corporations as come within the jurisdiction of the state for the- purpose of carrying on business here; but a state can not prohibit corporations from doing business in any other state in selling its products or wares in any manner that it chooses.”
The averment in the petition of the National Supply Company is, that it has complied with the laws of Ohio. To that there is a denial. We do not think that is sufficient to put the supply company upon proof. We think the National Supply Company were not required to make that allegation in the first instance,and that (as is said in this decision), the defend ant must set forth specifically wherein the foreign corporation has failed to comply with the laws so that it cannot prosecute its action in an Ohio court.
“Eighth: There is a variance between the petitions and the transcript of the record in this, that the judgments set out and described in the petition are larger than the"judgments shown by the transcript of the records; that is, in the National Supply Company case, the petition alleges that a judgment was recovered in the Indiana courts for $1367.70, but the transcript of the record, on page 5, shows that the National Supply Com pany ‘recovered of said defendants the sum of $1300.20 and the further sum of $67.50 attorney’s fees’, and the same is true of the other three judgments. No evidence was introduced as to the right of arecovery of attorney’s fees or costs in the Indiana courts, and at common law, attorney fees and costs of suit, were not recoverable, and the common law is presumed to. prevail unless it is shown by proper evidence to have been changed by statute.”
A part of the judgment consists of attorney fees, and that is *692 specifically set forth, and it is urged that since no statute or law has been brought to the attention of the court authorizing the allowance of attorney’s fees as a part of the judgment, in Indiana, and since the law of Ohio does not allow it and the common law does not allow it, it must be presumed that the law of Indiana does not allow it: but we think advantage can not be taken of this because of the agreement of the parties upon which the judgment is rendered,and that agreement sets forth specifically these attorneys’ fees and authorizes that judgment be entered for them. With respect to that agreement we may say that a witness testified that he was attorney of the defendant in error here, duly authorized in the premises, to sign that agreement on behalf of the plaintiff in error.
Ohas. F. Watts, for Paintiff in Error.
Taber & Whitmore, for Defendants in Error.
“Ninth: The judgments as renderéd by the court of common pleas are excessive in large amounts, to-wit, for all of the interest that is included in each of them from the 19th day of November, 1896, the date of the rendition of the alleged judgment in the circuit court of Grant county, Indiana, to January 3d. 1899, and also for interest from January 3 1899, for which judgment is rendered, although it is not figured in. There is no allegation in any of the petitions pleading any statute as to interest, or that a judgment bears interest in the state of Indiana. All of the evidence in these'cases is before the court.”
Now, with respect to this question we have had some doubt. We are not prepared either to adopt or reject that proposition, but in view of the fact that counsel for defendant in error has failed to furnish us with any authority which would seem to justify the allowance of his interest, under the circumstances we think and have concluded that it should be disallowed by this court, and the judgment should be modified to that extent. It will not require a reversal of the judgment; it will be modified, and the interest will be disallowed
“Tenth: There is no allegation in the petition pleading any statute as to the jurisdiction of the circuit court of Grant .county, Indiana. We insist that the statutory jurisdiction of the court as well as the statutes conferring it are not subject to judiciary cognizance, but must be pleaded, and in the face of a denial, must be proven.”
A section of the Revised Statutes of the state was introduced, showing that some court had jurisdicton of these cases; what court, does not appear. Sufficient oí the statute was not introduced for that purpose. But notwithstanding the provisions of section 5244, of the Revised Statutes of Ohio, which provide the method by which the statutes of other states may be proved in the state of Ohio, we think they may also be proved by oral testimony of persons learned in the law who testify as experts with respect thereto, and the testimony appearing in the record of the judge as to the circuit court of that state having jurisdiction in the premises we regard as competent and sufficient.
Therefore the judgments will be affirmed, with the modification as to interest, suggested. The costs in this court will be divided.